Court. Mr. Chairman, I have the appellant. Your Honor, at this time, I request five minutes for rebuttal. You're going to have to speak up and more slowly. I'm sorry. Your Honor, at this time, I'm requesting five minutes for rebuttal. Your Honors, this is a wrongful death case of a six-year-old child who died via electrocution inside of a Hardee's restaurant in May of 2021. This honorable court reversed the previous dismissal under the doctrine of forum nonconvenience and this case is remanded to the district court. However, thereafter, the district court had reopened the case. I still can't understand you. You've got to look at the audience and speak more slowly in this large room. So Your Honor, thereafter, the district court had given the defendants another chance to file a summary judgment despite the fact the defendants had not filed one previously pursuant to the scheduling order. The defendants filed a motion for summary judgment and the district court granted it and that's the basis for our appeal today. And the reason we're appealing the district court's grant of summary judgment is because in the district court's opinion, the district court viewed the evidence in light most favorable to the non-moving party. The district court weighed evidence in terms of credibility and in doing so, the district court, when it viewed the evidence in light most favorable to the non-moving party, one of the evidences that were attached to the appellant's response to the motion for summary judgment was request for admissions and the appellant's argument was that the request for admissions were not signed by the defendants. What authority indicates that the signature of the attorney on the certificate of service can't qualify as a signature for purposes of verifying the answers that are supplied to the request for admission? So your honors, in the certificate of service attached to the defendant's request for admissions, it says, I hereby certify that I submitted before going to- No, the question is what is your authority for the proposition? So your honors, the appellants and the district court didn't find any court authority on that issue and that was in the district court's opinion that neither the plaintiff nor the court has found any authority. And subsequently, the court never made a ruling on whether it was- Wait, wait, have you found any authority? The plaintiff has not found any authority. Right, that's the answer to the question. So how can we determine that this is error in the absence of some authority directing the district court not to accept such as a valid answer? So the district court never accepted the signature as sufficient. In fact, the district court stated in its opinion, had the plaintiff filed a motion deeming the request for admissions as admitted, the court would have allowed the defendant to file an amended response. And so if the district court had found it to be sufficient, there would be no need for the plaintiff. And then the district court later on said even assuming without deciding that the signature was sufficient, the district court declined to impose extreme sanction of deeming the request for admissions as admitted. So the district court never made a ruling on it. The district court just decided to move the request for admissions to the side and not consider it. The answers to the request were in the document, correct? That's correct. So what prejudice results to the plaintiffs in having the actual responses that would have been in a conforming to your perspective submission? So the signature certifies that the answers are true, accurate to the best of whoever answered its knowledge. We have no idea who answered those requests for admissions and it may not have been true and accurate if nobody was willing to sign their name behind the answers to the request for admissions. Well, did you serve a Rule 30B deposition to the question? We did. Did they have a deposition? We did have a 30B6 deposition, Your Honor. In that deposition, when we tried to ask the deponent, the court representative, Michael White, about the request for admissions, the defendant stipulated there was no signature in between the last request for admission, objection, and the certificate of service. In the deposition. Did you then press for your answer to your question, well, who did this? We tried and that was, I guess, the way. Did you then bring a Rule 37 motion to compel? We did not, Your Honor. Well, then you didn't finish the procedure in the district court. But Your Honor, in Rule 36 states a matter is admitted unless it's signed by the parties and answered. So the rule doesn't require a motion to compel. So you don't think there's a prejudice requirement to get relief under that rule? Prejudice to the plaintiff or to the defendant? To the party that wants relief under Rule 36. I mean, prejudice is required for almost any procedural error. I understand, Your Honor, but even in cases that were on appeal in clauses, a motion for summary judgment was filed on request for admissions. There wasn't a motion to compel on it and this honorable court in clauses found that the district court was correct in deeming them admitted. And the appellants were following Rule 36 and saying, a matter is admitted unless. And it's not like the defendants weren't on notice either. In 2018, the plaintiffs actually filed a motion deeming the request for admissions as admitted. But that motion wasn't ruled on because the district court dismissed the case under form non-convenience grounds. Then this honorable court on December 16, 2020, in their oral argument, again asked the question to the defendants about the signature. And then on remand, the appellants once again in the 30B6 deposition of the court representative asked the defendants about their request for admissions. And defendants never filed any motion to undo, never filed a motion to withdraw the admissions. And under Rule 36, I believe it's B, Rule 36B, a matter is admitted and it's the burdens on the defendant or the party that it's admitted against to file a motion to undo or withdraw the admissions. And there was no such motion in this case. The district court simply decided it's not going to deem them admitted, it's not going to undo them either, because deeming them admitted would be an extreme sanction against the defendants, which would be in this case. And your Honor, this is in the opinion of the motion for summary judgment, which the evidence is supposed to be admissible to the non-moving party. So if it's an extreme sanction against the moving party, that's not looking at the evidence and I'm most favorable to the non-moving party. And then, your Honors, in regards to weighing evidence and credibility, one of the other issues that we raised before the district court was the defendant's licensing agreement. And the defendants attached two license agreements to their motions. The first one was dated in April of 2006 and the second one was dated in 2013. And I want to take the court to the license agreement so I can explain it. And also, it's appendix at 1752. I did not see in your brief a response to the district court's pointing out the license number being accurate. And so that's part of the, we did answer that, we said we. No, in the brief, what's your answer? Why isn't that a perfectly good, sufficient verification? Because that license agreement that we objected to has that same license number. And it explicitly states- I don't understand. So what? It's a different- You're saying that the license agreement went to the wrong facility. It's a completely different facility. It's not the same restaurant. And that license number- The district court thought the license number confirmed that it was the same facility. That that license number is on the same license agreement that we're objecting to in the completely different address location. And it says it in the license agreement location of licensed restaurant with the exact license number that the court found sufficient with a completely different restaurant address. So that license number, according to their own license agreement, is not for the restaurant in question, but it's for the restaurant on Elia of O'Malley Street, Chemeh Sandy. It's in our brief, page 30. And then in the defendant's second license agreement, which is dated 2013, in their Appendix E, and that's Appendix 1855, it states existing licensed restaurants with the unit number, the location, and the expiration date. And there's five restaurants here, and none of them are the restaurant that is subject to this lawsuit with the death of Kurt, which was on Medina Street. If this one says Zahran Street, the Chemeh Sandy address, Mecca Mall, City Center Mall, and Taj Mall, Prince Hashem Ibn Hussein Abdul. There's no Medina, no West Street. And this is their 2013 license agreement. This is signed by the defendants and the alleged franchisee. Which count does this affect? Count one. And so why does it eliminate some re-judgment? You have the burden to prove count one. How does this confusion about the address and so forth meet your burden to prove that the defendant was in control of the operations of the restaurant? Well, our argument, your honors, is, the defendant's argument is that their franchise- I don't care about the defendant's. How does this thing you're dwelling on here help satisfy your burden to prove count one? Which is control of the operations of the restaurant at the time in question, right? Yes, and your honors, this would give them control because they would own the restaurant. It wouldn't be a franchisee-owned operation. This would be a franchisor-owned operation. And Mr. White, their corporate rep, in their deposition, testified that 93% of their restaurants- That was overwhelming evidence that they weren't in control. I mean, I don't care what name you put on their titles. It's the control of the operations that matter. But the argument is that they don't have control because they're a franchisor and they're not liable for the acts of the franchisee. You know, this franchise business is a little piece of the broad question of control of the operations. And the law with respect to franchisor, franchisee, in this respect, is very confusing and unsettled. So all you're doing is poking a little hole in one area that's caused some disagreement in the courts. To me, it doesn't do a thing to meet your burden to prove the physical control of the operations. Because an owner can sufficiently yield control for this liability. Briefly, and then I want to reserve the rest of my time for rebuttal, but your argument is- Well, don't bother to answer the question then. I was trying to answer the question. You might think that it's a small point, but for them to claim that they have nothing to do with the restaurant, but then nobody else owns it besides them, inherently gives them that duty. If I own a building, I have a duty to people that come into my building. This is the same issue here. They own the restaurant. There's no agreement, there's no license agreement that was ever produced to counter that. Your Honor, I'd like to reserve the three and a half minutes for rebuttal. Thank you, Mr. Zier. Thank you. Mr. Davis. Good morning, Your Honors. I am Glenn Davis, and I represent the defendant, Appalese. I think that the discussion is heading in the right direction. The question for the court is not whether the plaintiffs have suffered a terrible loss. They certainly have. The question is not centered on distractions over discretionary rulings on scheduling and case management, or confusion over transactional documents that don't have an impact materially. The question is whether the American-based defendants here are legally responsible for the conduct of a Jordanian franchisee when they did not control or direct the activities of that franchisee, and importantly, particularly as to the instrumentality that is involved in this particular accident. As you all know, that instrumentality is a playground. That playground- So if there's a dispute, a genuine dispute as to whether TP was a franchisee versus some kind of a licensed operator, then we have to reverse? Well, there is no genuine dispute about that, Your Honor. Well, I just heard about one. You heard about distractions. What you have before you from us is a discharge of our burden on summary judgment to make assertions of what the- Franchisee is a technical American legal principle. The franchisee- Which now you're just grabbing and throwing into Ahmaud Jordan. Yeah, I'm not. I don't understand why that's necessarily- I'm not doing that, Your Honor, and I'll explain why. I tried to explain why. If you look at Michael Lloyd's affidavit in the record, he's the senior vice president for all of the international operations of CKE restaurant holdings. He says and swears the named defendants are not the owners or operators of the restaurant in Ahmaud Jordan. The defendants have come forth with no specific facts contrary to that statement. So you're saying other than counsel's assertion that your client's the owner, you're saying that's all the evidence in the record? There's a bland assertion based on some confusion over a number in a document. The number in the document corresponds to this specific location. There is no dispute that this is a specific location where the accident occurred. There is an office address- Is there a dispute as to who owns and controls it? Not in my judgment, Your Honor. The local franchise, and this is the reason why. We're not dealing with a mom and pop operation or some small entity in Ahmaud Jordan in this situation. As Mr. Royder points out, the owner of the Hardee's restaurant in Ahmaud Jordan is Tourist Projects and International Restaurants Company LLC, which is associated with Kuwait Food Company, SAK Americana. Americana, according to the record, is a large multinational franchise company that operates franchises throughout the world, and in particular, hundreds in the Middle East. And so- Is there anything in the record connecting them to the defendants in this case? Well, there certainly is. They have a development agreement with the defendants. And they operate and have been assigned this whole territory to operate as a franchise. The appellants contend that this is not a franchise at all. It's a leap in logic. They say because there's confusion over this nomenclature of an office mailing address, that that means it's not a franchise. And that's contrary to all of the record evidence in this case. The record evidence in this case is sworn record evidence is that this is a relationship between Hardee's and a major multinational franchise company that operates businesses all over the world, and particularly in the Middle East. And so here, there is no question, there is no material dispute of fact that this particular restaurant on El Amin Street here was operated. Was there a dispute about control given the requirements of the local franchisee to have an English speaking manager and other requirements for how they conducted? In any franchise relationship, there are corresponding contractual things between the franchisor and the franchisee. These minor issues they point to, such as a reversion of the lease at the end if something happens, or the requirement that there's somebody they can communicate with there if something needs to be communicated, is immaterial to the question of whether there's real local control. The question of local control is on day-to-day operations. This is black letter franchise law, and it applies whether we're in Missouri or Timbuktu. It is black letter franchise law that it is the day-to-day operations of the franchise location that is the touchstone of whether there is control by the franchisor of that location. Is it disputed on appeal which law we're applying or which was applied by the district court, and which law should have applied either, whether it be the law of Missouri or Jordan? The district court got it exactly right. The district court ruled that Missouri law applies to count one on direct negligence, and ruled that on counts two and three, although count three is no longer in the case, that count two is based on Jordan, the law of the kingdom of Jordan. And she was absolutely correct on that analysis. But even if she's wrong, it doesn't make any difference. What she said in the alternative, it didn't matter. Correct. You're referencing franchise law. Is that Jordanian franchise law? Jordanian, there isn't, we don't need to talk about Jordanian franchise law. We're talking about whether or not this particular. I was just trying to get clarity. You're saying. I'm trying to make it clear. You say black letter franchise law. I'm talking about black letter U.S. franchise law. All right. Whether it is applied for operations of a franchise in the United States or whether it is applied overseas. But the question of application of Jordanian law to count two was on the issue of apparent authority. And so was there apparent authority that this plaintiff can just rely on that this is a U.S. owned restaurant simply based on the fact that it's a Hardee's designated restaurant, a franchise restaurant. And the law is clear that, you know, things like uniforms and names and placards and all that stuff, it does not go to the question of control. And you need to focus in particular on the instrumentality that is the subject of what happened. And that is the playground. And there are no specific facts in the record coming from the appellant that Hardee's in the U.S. or anywhere else had anything to do with this playground. It didn't design it. It didn't manufacture it. It doesn't recommend the specifications for it. It doesn't advertise that the restaurants are all going to have playgrounds. It had nothing to do with the playgrounds, nor was it in a position thousands of miles away to on a daily basis look at the condition of the playground equipment. That is in essence, the essence of local control of the instrumentality that is involved. And so our view is that whether you look at Jordanian law or Missouri law on count two, the answer is the same. Now there is a debate in the briefs about whether Jordanian law, you know, applies and recognizes a cause of action for apparent authority for the tort here, for precarious liability. And that's an academic question. It doesn't have any impact on the outcome of the case. Section 288 of the Jordanian Civil Code still says that, you know, in any situation there has to be actual control. Well, it doesn't have anything to do with the case if we affirm on the basis of the district court's alternative ground. Correct. It does on the primary, on the initial ground or the most debated ground. Correct. Yeah. But as I said, you know, either way, you know, we don't manufacture or sell playground equipment. We didn't do it here. We had no role in the decision to install the playground. We had no role in monitoring the condition of the playground on a daily basis. And in fact, in the record of this case, no one is even clear on exactly what happened with this accident and whether there was any obvious or open thing that could be seen. Here we are, thousands of miles away. The employees were convicted of insulting the Jordan vote. Yes, they were. They were convicted of failing to perform their duties in accordance with the laws of the Kingdom of Jordan. Oh, all right. So don't say we don't even know what happened. Well, we don't know. What I'm saying, Your Honor, is only this. We don't know where this wire was or whatever it was that I had touched. We don't know whether that was an open and obvious condition. Nobody saw this happen. So here we are, a franchisor, thousands of miles away. Is that because summary judgment was granted before discovery was complete? No, I believe that on the basis of how this case evolved, if we look at the docket sheet, on remand, it came to... Well, we don't know where the wire was and so forth. That sounds like plaintiff didn't do its discovery. Well, that's part of plaintiff's case and they're arguing, send it back so we can do our... They have certainly indicated that they don't believe there's any more discovery. They've said that over and over. They've said that this case should have gone back to trial immediately. Was discovery expired? Not in our view because Judge White...  Well, Judge White vacated all prior deadlines going into the prior trial date that was on the books before the forum nonconvenience ruling and before it came back to Judge White and then they sought his recusal for whatever reason and then it came to Judge Fleisig and Judge Fleisig did what any district judge would do, have a reasonable scheduling conference and set a schedule for a rational conclusion of the case. And we are accused repeatedly in this case of delay, delay, delay, as well as other things. And it's just not the case. You made the assertion there's no evidence of what happened here, where the wire was and so forth and so on. I gather plaintiff's position was, hey, let us call our first witness, we'll prove it. They could certainly... And if there was no discovery deadline, it seems to me that's a perfectly legitimate position on appeal. They could make that assertion but they have insisted and represented over and over that discovery is closed and they had no further discovery and sought no further discovery. But that doesn't mean they can't prove it. They can certainly call a witness. The world seems to think you have to have discovery to prove anything. But in summary judgment... The world functioned without it for a long time. But this is not a material fact to the issues that are on the court's calendar here today. No, it's a material to your assertion. But the assertion is offered only for this purpose, to show whether or not the franchise or had control over the local conditions and if there's something not observable. So it's not a statement that on the merits of a case, if they call the witness that said the wire was... Well, it was a statement on the merits of the case. But that's not what we're here for. I know it. So you shouldn't have made the statement. Well, I apologize if that's the spirit in which it was taken. But the only point was to differentiate the situation of a franchise or a thousands and thousands of miles away, an inability to control the local day-to-day operations and the instrumentality which is the subject matter of this situation. And we have cited to the court numerous, numerous cases on this point. And I believe that the district court, you know, quite properly evaluated that issue and provided a very well-balanced statement of facts. Did not prejudge anything. This is a summary judgment motion. She's accused of prejudging things. There's no prejudging going on here whatsoever. There is only a proper ruling on a motion for summary judgment. I believe it was Judge Lay who years ago told me no one to sit down. And I think that's what I might do now, unless the court has any questions. I see no questions. Thank you, Mr. Davis. Thank you. Mr. Zaharie, your rebuttal. Briefly, Your Honors. Briefly, Your Honors, I want to respond to some of the things that the defendant's counsel stated. With regards to, first, White's declaration, one of the issues you raised in our public brief and to the lower court as well with White's declaration is White, in his depositions, 30B deposition, testified when we asked him about his depositions, did you write it, did you draft it, where did the information come from? One of the answers was the information was provided to me. And Mr. White, in his declaration, put, I have personal knowledge. And then when pressed, he couldn't give an answer as to who provided the information. So Mr. White didn't have personal knowledge. If somebody gave him the information. If I tell Your Honors that today in Missouri it's cloudy outside but Your Honor lives in Texas, you don't have personal knowledge that Missouri is cloudy. That's just information that somebody else is providing you. Mr. White, in his declarations, also never stated he reviewed any business records. He looked at the license agreement. He investigated this case or he just said I have personal knowledge. Here are the facts. But in the deposition, this information was given to me. So Mr. White doesn't have personal knowledge. With regards to the license agreement, defendants brushed it off as a simple mailing address issue. But the document clearly states location of licensed restaurant. There's a different mailing address right above it, which is completely different to what the location address is. It's clear English, location of licensed restaurant, not location of mailing address for the alleged franchisee. So it's not a mailing address issue, it's an actual which restaurant does this agreement belong to issue. And the record's clear, this license agreement is not for the restaurant in the industry. Does the record include photos of the other restaurants you're talking about? The record does not have photos of the other restaurants. But the license agreement, and to the defense counsel's assertion, is they're dealing with a sophisticated company towards projects or KFC Americana or whatever their name is. If they have hundreds, they're going to outline in their documents which restaurants they own, if they own hundreds, just so that they know which ones they own and which ones they don't own. And their license agreement as of 2013 makes it clear. We have five restaurants in Jordan, none of them are for Alameda Street. And as I stated before, it was the, and I don't want to get the names wrong, Zaharan Street, Amman Number 2 Shmay Sani, Mecca Mall, City Center Mall, and Taj Mall. Was Tourist Projects ever a part of this litigation? In the US? No, your honor, no. Tourist Projects was never a part of this litigation. And the license agreement in 06 wasn't with Tourist Projects, it was KFC Americana. So the argument that Tourist Projects address somehow made its way in an agreement in 2006. When Tourist Projects didn't become the franchisee, per se, according to defendants until 2013, also doesn't make any sense. You're talking a seven year difference. So Tourist Projects doesn't own this restaurant, KFC Americana doesn't own this restaurant. So the only entity that could own this restaurant would be defendants, and that's through their own documents. At the very least, that creates a question of fact, and some judgment never should have been granted in the first place. And your honors, I'm down to eight seconds. If there's nothing further, I thank you guys for the opportunity. I ask you guys to reverse the district court. Thank you. Thank you, Mr. Zaheer. Thank you also, Mr. Davis. Court appreciates both counsel's argument to the court this morning. In supplementation to the briefing, which has previously been submitted, the court will take the case under advisement.